Good morning, your honor. This morning we had one change to our case list. The case of 15-1330 copier has been switched to the number three position, and we now have the United States versus David Korsky in the number four. Otherwise, the cases will be called as announced in the Times as a lot. The first case this morning is number 14-2179 Richard Schiffman versus the United States. Mr. Sullivan. Thank you. May it please the court, my name is David Sullivan, and I represent the appellants Richard Schiffman and Stephen Cummings. And we are here today appealing an order of summary judgment, and the primary issue that we believe was not addressed by the court is whether or not there was evidence that would, if proved by a finder of fact, would allow a jury to find that Mr. Schiffman and Mr. Cummings were not responsible people. This is a case under IRC section 6672, which imposes liability on certain people who are found to be responsible people acting willfully with respect to payroll and employment taxes, including withholding. The issue that... The evidentiary record is different, is it not, in terms of your appeal of the grant, of the first grant of summary judgment on the government's counter claims, and your appeal on the second grant of summary judgment on Schiffman's complaint of Cummings's counter claim? That is correct, Your Honor. The additional evidence was provided to the court, which is largely what is in dispute here. And without that additional evidence, do you have any basis for your appeal as to the first grant of summary judgment? I believe the order for the... we're appealing is the second grant, and I believe it's subsumed the first grant as well. I think we just have one order to deal with at this time. So in other words, in other words, your brief shouldn't be construed as an attempt to appeal the second grant of summary, the first grant of summary judgment. I believe the first grant of summary judgment is subsumed in the second, so we're appealing the entire summary judgment. Yeah, yeah, but it isn't subsumed in the second. Some of the findings are incorporated, but you have a summary judgment against you on the government's counter claims, right? And what I've asked you is what defense, if any, are you offering on appeal to that since your brief indicates that you're challenging summary judgment across the Your Honor, the first summary judgment was never a final judgment. Of course it's not a final judgment, but it's an order that has effect. And the fact that the final judgment incorporates that first grant of summary judgment doesn't mean that if the second grant of summary judgment is proven to be infirm, that the first grant of summary judgment should be vacated or set aside. Not unless there's some independent reason for doing that. All I can say is the evidence that I'm addressing was submitted only for the second grant. But you want us to rely on that evidence to review and set aside the first. That's what you're arguing. Yes, Your Honor. Tell us what the evidence is. The evidence in question was under 6672, there is no witness test where it's black or white. Instead, what the courts have found is that you must look at the totality of the circumstances. And in this case, although many, they had, these both were officers of the company, they did have check signing authority on a technical basis, and they were involved in management. One of them wasn't even a director of the company. But they were informed and directed by the Board of Directors not to, when they disclosed the tax result, and Mr. Cummings, in fact, found out about it and was hired end of October, found out about it in November, went to the Board of Directors and disclosed that there was this big tax average. He hadn't been with the company before. And the Board of Directors directed them not to go to the IRS to report this. When you say the Board of Directors, looking at the citations that you have in your brief to the transcript, all I've found, and maybe I'm missing something, so point me to it, all I've found is some deposition testimony by one of your clients saying that at the November board meeting, two of the directors voiced the view or opinion or, and didn't want them to pay. Well, there's deposition testimony by both of the But that's the sum total of what's in the deposition testimony, is that two directors didn't want us to pay. He names both. Correct. And that's the majority of the Board of Directors. Well, how many members are on the board? Three. Does that appear on the record? Pardon? Does that appear in the record that the Board of Directors is composed of three? I believe so, Your Honor. And again, the contention is that the Board of Directors took action. But how can It was an oral action. There was no written record of this. How can you, how can a board legally take, as I understand at the meeting, it actually passed resolutions on check signing authority for one of your clients, passed a formal corporate board resolution, and it also authored written minutes. So how can a board, just by having a discussion without a vote on a resolution, how can it divest the CFO and CEO of their authority? All of the authority of those officers is derived from the board, and a majority of the board can act. Under Rhode Island law, it can act. But how does a board act under Rhode Island law? Just talking, doesn't a board to act need to take a vote on, need to resolve, and then vote in favor of a resolution? Our contention is that at that meeting, which was not in the minutes, that the Board of Directors took an action. But the board, what Judge Keater has pointed out, under Rhode Island law, the Board of Directors takes an action by a vote, and there's no allegation that a vote was taken, there's no resolution to evidence a vote, nothing in the minutes that suggests there's a vote, and indeed the deposition testimony on which you rely doesn't suggest that there was a vote. It merely says that there was a discussion. Well, I believe Is that a valid corporate action under Rhode Island law? I believe the Board of Directors had the ability to take that action and did so. That can take it simply by oral instruction at a meeting? Yes, Your Honor. What authority do you have for that under Rhode Island law? Under Rhode Island law, a majority of the Board of Directors can direct, there isn't a requirement that there be a meeting. Yes, everyone agrees with that. The question is how they can direct. I don't think Rhode Island law requires that you have a formal meeting or vote. So if at a board meeting one of three directors said, hey, you know what would be a good idea, let's sell the company, and the other director said, you know, I think that's kind of a good idea too, I like that. That's the equivalent under Rhode Island law of a board resolution to sell the company? That is not the equivalent. Well, how is what we have here any different at all? There's no motion, there's no second, there's no resolution, there's no votes, there's just two guys saying they don't want them to do it. There are no minutes, there's no written record, and I would submit for this kind of vote, I wouldn't expect there to be a written record. Now whether or not a finder of fact would believe that vote occurred if the Board of Directors said it didn't. No one is saying, your client's deposition testimony, I think, and maybe you should direct me to another portion of it, but I didn't see any statement by either of your clients that there was any vote, that there was any resolution, even an oral one. All I see is that at the meeting two of the directors said they didn't want them to do something. I would submit that that would go to whether this, the... You think we should read that as if your clients had testified that there was a vote. Neither of my clients are lawyers. If their testimony was inartful, they felt they were ordered by the Board of Directors to do something. And I may point out in June... Let me ask you another question, because what we're concerned is whether or not there was a Board of Directors directive that had legal force. How is the statement of your client as to what other people said at the board meeting, how is that admissible as proof of what, of the truth of what was asserted? Isn't that classic hearsay? I don't believe so, your honor. Why not? If what they contend amounts to a directive as they believe, for the Board of Directors they... But wait, that begs the question. You're assuming that they're able to testify as to what was said at the meeting. My question goes to a preliminary question. What gives them the right in a court proceeding to testify as to what a third person, a member of the Board of Directors, said in an out-of-court statement? Isn't that classic hearsay? You may answer. They are testifying as to what they heard at a meeting at which they were all in attendance, and not testifying as to the intent of the person or just the fact that it was said and they believed it to be about them. Can I go back to something you said earlier? I'm looking at the minutes, and it says the Board of Directors' minutes of November 18, and it says George Struthopoulos, chairman, called the meeting together, and then other directors attending were Schiffman, Harris, and Volsing. So I get four, not three. Harris was an observer only. It doesn't say that in the minutes. It lists him as an other director. Counsel, I can understand that the evidence might support a claim that it was their state of mind which was important here, that they understood that they would be fired if, in the face of this evidence, they proceeded to make payments. But is there anything in the affidavits that makes such an argument or a statement? It wasn't fired, Your Honor. It would be illegal if they believed they did not have authority to write checks and wrote checks, then that was an illegal action. That may be something that we can infer, but is there any basis in the record from your clients saying that? In the disputed facts, there are several instances where Mr. Cummings and Mr. Schiffman both say they knew that they had no authority to write those checks because of that. Not that they didn't wish to, that they had no authority to under law. And that, you think, makes up for the deficiencies as to this particular point? Yes, Your Honor. All right. Thank you. Mr. Rennie. May it please the Court, Douglas Rennie representing the United States. In this case, the District Court correctly granted summary judgment because the undisputed facts show that Mr. Schiffman and Mr. Cummings were the individuals running this company with the day-to-day authority and status and effective financial control to pay the taxes. Unfortunately, they chose not to do so. The only real potential factual dispute here is as to these statements made by the Board of Directors. What is their admissibility, what is their probative value, and what is their effect? Those are the questions you want to be addressing. Your Honor, addressing their effect first, if I may. We would submit that there is no effect because it's legally irrelevant as to what the Board of Directors directed them to do. Under this Court's Lubetzky decision, the directions of the superior will not relieve an individual of their responsibility to pay taxes if they are indeed responsible under the criteria set forth in this Court's decision, such as the second Vinick decision. Second, we would say that the evidence here, as Your Honors have pointed out, is incredibly weak such that we would say that there is not, in fact, a genuine dispute of material fact on this issue. What we have is some deposition testimony from appellants saying that what they understood a couple members of the Board of Directors to be saying, which Judge Kayada has pointed out, is two of the four directors. There is no formal resolution, there's no bylaw, which is what the law that- Yes, but why should that technical requirements of state law have anything to do with Congress's intent as to the definition of a responsible person? I agree with you, Your Honor. All right, so the U.S. is not advocating a test of you have to meet the legal formalities in all instances. Correct, Your Honor, yes. Our first and primary argument here is that it is irrelevant under the law. You're aware that there is a Second Circuit opinion that suggests that in some circumstances it would not be irrelevant. A son was the responsible person, his mother actually ran the corporation. Do you remember that case? You're referring to the Rem decision, I believe, Your Honor? I think so. Yes. Yeah. Your Honor, I think the distinction with that case and the present one is that the criteria for responsibility essentially were not met in that case. Mr. Rem, I believe, in that instance was essentially a figurehead. He had no real effective power to pay the taxes. Whereas here, applying this Circuit's decision in the second Finnick decision, if you look at the indicia of responsibility, they clearly attach here there aren't really any serious disputes about the facts as far as what the status, day-to-day involvement, financial control of these individuals was. In Rem, Mr. Rem essentially had none of these powers that Mr. Schiffman and Mr. Cummings had here. Well, when you say that technical Rhode Island law doesn't matter, in other words, are you saying that the government's position that if the board had formally passed a resolution that divested the CFO and the CEO of any authority to sign certain checks, and if under Rhode Island law that meant that they could not sign those checks, and if they did, they would be personally liable to the corporation, are you saying that they would still be responsible persons? Well, Your Honor, I think it would depend. If they had no authority to sign any checks, I think that would be one. The board specifically took away any authority to sign to a particular, i.e., to the U.S. government? Yes, Your Honor. If there was, in fact, a direction from the board of directors here which essentially just said, you have all the powers to run this company, but you do not have power to pay the taxes, we would submit that that's legally irrelevant here. Now, you said four directors, and Mr. Sullivan said three directors. Does the record tell us how many directors there were of this company? As Your Honor pointed out, at the time that this supposed direction came, it appears that there were four directors, according to the minutes, which are at Supplemental Appendix 136. I think at different points in time there were different numbers of directors. Is there any other evidence other than the board minutes that tells us how many directors? Your Honor, I don't recall off the top of my head. I believe there may be some deposition testimony that the composition of the board changed, especially when Mr. Schiffman and Mr. Cummings were fired. I believe somebody else had come onto the board at that point. But in the materials brought to the Court's attention for summary judgment, is there any indication that there were only three directors? And I ask because then we don't even get if there were four directors, the mere fact that two guys said they didn't like something, even if we were two, it was a formality, it doesn't get us anywhere. Correct, Your Honor. I'm not aware of anything in the record that suggests that there are three directors at the relevant time. But if I take it the government's basic position is all of this is legally irrelevant. Correct, Your Honor. Yes. And which is more important to the government, to get a reinforcement of that holding or to look into the facts behind whether this resolution had any effect? Your Honor, it would be, our primary point here is that it's legally irrelevant. And we think that the outcome of this case, the primary argument here on appeal, is firmly controlled by the Lubetzky decision. So what does a corporate CEO do if he's been divested of authority to sign a check under state law? And under state law, he'd be personally liable to the corporation for having done so. What's he supposed to do? Your Honor, if a corporate officer receives a direction essentially to break federal law, it seems like the best choice in that instance is to resign. If he's had a direction to break federal law, he's divested of authority to pay payroll taxes. That doesn't mean someone else isn't going to pay them. But that authority has been taken away from him just the same way as the authority was taken away by resolution from these two gentlemen to issue checks for more than certain amounts. Those are common types of resolutions. So it goes back to Judge Kayada's question. What does he do having been divested of that power? You know, isn't he caught between Silver and Charybdis at that point? Yes, Your Honor, although I think there's a distinction to be made between a situation where somebody might have not had the power to pay taxes because perhaps some other officer is handling that, and a situation where you have individuals running a company invested with all the powers to make the strategic decisions about where this company's direction is going, as Mr. Shipman's and Mr. Cummings were, and then being told, but don't pay the federal taxes. That necessarily comes with the responsibility of running a company. I don't think that Mr. Cummings and Mr. Shipman. I don't get that. Necessarily comes with the responsibility of running the company? I thought that as basic principle of corporate law, true in Rhode Island as elsewhere, that the officer's power is derived by and cabined by the board of directors, that the board of directors can define and delimit the power of the officers of the corporate, particular officers in particular ways. I mean, state law gives the board that power. Are you suggesting that under federal law, if the officer was given the authority to write checks for everything, with the exception of writing checks to the IRS, that that would itself violate federal law? Your Honor, I think it would depend on the indicia of responsibility. If all those criteria are met, maybe the check signing authority itself is not. He has full authority to do everything except sign a check to the IRS. I would say that renders the person liable under federal law. Regardless of state law? Yes. And perhaps that, yes, that does place the individual in a difficult position. But I think their choice there, if they don't want to be liable for the unpaid taxes under federal law, is to resign. And that's what the case law says. That's what Lubetzky and the decisions discussed favorably in Lubetzky certainly indicate, is that your choice in these circumstances is either to pay the taxes or resign if you are indeed a responsible person and know that these taxes are not being paid, have the power to pay them. With that, I see I'm out of time, Your Honors, unless you have any further questions. Thank you. Thank you. Thank you both.